## BOUGHTON v. STANDISH.

*Sale.*

When goods of a specific description are ordered, and which, when received, do not answer the description, if the party giving the order would avail himself of the right to return the goods, he should do so as soon as he has time and opportunity to ascertain the fact.

ASSUMPSIT for goods sold and delivered. Plea, the general issue, and trial by the court, December Term, 1875, POWERS, J., presiding.

On November 20, 1872, defendant, residing at West Randolph, sent plaintiff, residing in New York, the following order :

Please send me by freight, one bale of buffalo robes. I want them lined, and part of them worth $16 each, and none worth less than $12. I want them good size and dark color, and I will send note payable at bank at 90 days.

This order plaintiff received on November 22d, and on December 3d he shipped defendant twelve robes by freight, and advised him thereof by letter of that date, and wrote,

"Could not get them off sooner. Now in case any of these robes do not suit you, you are at perfect liberty to return them to us free of expense, as per circular ; but if you return any, do so at once soon as received."

Said robes arrived at West Randolph on December 11th, when defendant was in Canada on business, whence he returned on Saturday night, December 14th. On Monday morning, December 16th, defendant learned that said robes were at the depot, and he then took them to his place of business, but did not then open or examine them, for the reason that he was that morning sum-

moned to go to Chelsea as a witness before the County Court then in session, and immediately, in pursuance of such summons, went to Chelsea, where he remained and was necessarily detained all that week, so that he had no opportunity to examine the robes that week. Early the following week, defendant opened and examined the robes, and it appeared by testimony on both sides, that some of said robes were not such as defendant ordered; that six of them, especially, were of smaller size and lighter color than the order called for, and that the hair was off in places; that they were not merchantable, and could not be sold by defendant at his place of business, because of their small size, and also because of their color, and because the hair was off as aforesaid, but that the smallness of their size was the greatest reason why they were not saleable at defendant's place of business. Defendant gave evidence tending to show, that the robes he kept were worth less than they would have been had they been what the order called for, and that he sustained damage in that respect. Defendant laid out six of the poorest of said robes, and they laid in his shop where his customers saw them, but refused to buy them because they were too small, and also because of their color, &c. Defendant, finding that said six robes were not merchantable, on the 31st of December, wrote plaintiff as follows:

Your robes, sent the 3d of December, arrived on the 16th. I was away, and did not look them over until last week. I found six in the bale I did not want. I shall return them to you by express next train, free of charge.

On January 1, 1873, defendant returned said six robes to plaintiff by express, and paid the charges thereon; but plaintiff declined to receive them from the express office in New York, and notified defendant thereof. In his letter of December 31st, defendant sent plaintiff his note for $79.50, the price of the robes he kept; but the plaintiff refused to accept the note, and returned it to defendant.

The circular referred to in plaintiff's letter of December 3d, was a printed circular, advertising plaintiff's business as a dealer in robes and furs. It contained a tariff of prices, &c., and among other things, the following:

Persons ordering robes of us, and who are not well acquainted with our assortment, can order a bale of 12 robes (say three of each of four different kinds), and in this way they can find out exactly what they want, and also know how to order afterwards. Also, all goods not satisfactory when received, can be returned by paying express charges both ways. Our robes are all cleaned and combed, ready for retailing, which is a consideration. The pelts are soft and quite free from cuts. Parties ordering robes will please order direct from us, as we do not hold ourselves responsible after they pass through other hands. Also, single robes at $1 each advance on circular prices.

*Terms.* Three months note payable at bank, or cash in ten days, less three per cent. All bills must be settled promptly in ten days, either by note or cash.

Defendant gave said circular in evidence, and proved that he ordered said robes on the strength thereof. Defendant proved that in consequence of plaintiff's delay in sending the robes, he was compelled to and did order robes elsewhere, which he received before plaintiff's robes arrived. Plaintiff proved that if he had received back the robes returned by defendant, he should have lost 30 per cent. on them, as they decreased in value after the holidays.

The court found as matter of fact, that considering the nature and kind of goods in question, and all the circumstances developed by the testimony, the defendant did not keep said six robes that he returned, an unreasonable time before returning them; that the defendant, under the circumstances of the case, took no more time than was reasonably necessary to make a fair trial and test of the goods, and especially as to their being merchantable in consequence of the smallness of their size; and the amount paid into court being sufficient to pay for the robes kept by defendant, at the contract price, and the costs accrued at that time, the court rendered judgment for defendant to recover his costs; to which plaintiff excepted.

*P. Perrin*, for plaintiff.

The plaintiff will not claim that defendant was not at liberty to return any part of the robes if he desired to do so on examination, but we do insist that legally he could not compel plaintiff to

receive them back after keeping them as long as he did, and that he should have returned them immediately. Plaintiff's letter of Dec. 3d directed, that in case any of the robes did not suit, defendant should " return them at once, soon as received." It is no legal excuse for not returning them sooner, that defendant was away in Canada when they arrived ; nor that he was summoned to Chelsea as a witness. Defendant claims that he ordered the robes on the strength of plaintiff's circular, yet that does not help him, because the terms thereof were, that " all bills must be settled promptly by cash, or note payable at bank, within ten days." 2 Kent Com. 479 ; *Coolidge* v. *Brigham*, 1 Met. 551 ; *Fisher* v. *Samuda*, 1 Camp. 190 ; *Grimaldi* v. *White*, 4 Esp. 95 ; Long Sales, 213, 219, 240 ; Story Sales, 365, s. 313 (a) ; *Ray* v. *Thompson*, 12 Cush. 281 ; *Humphries* v. *Carvalho*, 16 East, 45 ; *Neate et als.* v. *Ball et als.* 2 East, 117 ; *Buswell* v. *Bicknell*, 17 Me. 344 ; *Dearborn* v. *Turner*, 16 Me. 17 ; 20 Me. 317 ; 8 N. H. 327.

This case is entirely unlike a case where goods are left to be sold, with privilege of returning what shall be unsold, which is a *quasi* agency, while this is a sale, with what the law terms a " condition subsequent," to be complied with or the sale becomes absolute. Cases above cited ; also, *Moss* v. *Sweet*, 3 Eng. L. & Eq. 311, and note.

*J. W. Rowell*, for defendant.

By the terms of the printed circular referred to, the defendant had the right, if properly exercised, of returning *any portion* of goods that were not satisfactory. He was not bound to rescind *in toto*, if at all, as he might have been by the strict rules of law. The robes returned were not such as the defendant's order called for—were not merchantable, and could not be sold by the defendant at his place of business by reason of their small size, and also by reason of their color, and because the hair was off in places ; but the smallness of their size was the greatest reason why they were not saleable at the defendant's place of business. The defendant, then, had the right to return these robes, and the question is, did he return them in a reasonable time ? The clause in

the letter of Dec. 3d, "but if you return any, do so at once, soon as received," does not alter the question, as it forms no part of the contract, being *after* it was made. I submit that under the circumstances of this case, the finding of the court that the robes were returned within a reasonable time, is conclusive, and that no question of law arises upon that point. The facts were, to some extent, in dispute, and testimony was introduced upon both sides. Where the vendee requires any time to determine whether the thing he gets is what he ordered, then the question of reasonable time becomes one of fact. Now in the case at bar, the greatest trouble with the robes returned was in their size—they were too small for the market in which they were to be sold—were for that reason unmerchantable. In order to test them in that respect, it cannot be denied that the defendant was entitled to *some* time in which to make the test, and if to any, then to a reasonable time ; and can any rule of law be formulated whereby, in a case like this, the court can say as matter of law, what is a reasonable and what an unreasonable time ? *Estey et al.* v. *Read*, 29 Vt. 278 ; *Rothchild* v. *Rowe*, 44 Vt. 389, 394 ; Story Sales, ss. 405, 426 ; *Rowe* v. *Osborne*, 1 Stark. 140 ; *Okell* v. *Smith*, 1 Stark. 107 ; *Pateshall* v. *Tranter*, 3 A. & E. 103. But if this be a question of law, I insist that the time in this case was not unreasonable.

The opinion of the court was delivered by

ROYCE, J. The circular that the defendant ordered the goods upon the strength of, provided that all goods not satisfactory when received, could be returned by paying express charges both ways. When goods of a specific description are ordered, and the goods when received do not answer the description, if the party giving the order would avail himself of the right to return the goods, he should do so as soon as he has time and opportunity to ascertain the fact. *Neate et als.* v. *Ball et als.* 2 East, 117 ; *Humphries* v. *Carvalho*, 16 East, 45 ; Long Sales (Rand's ed.), 217 ; Parsons Merc. Law, 55 ; *Moss* v. *Sweet*, 3 Eng. L. & Eq. 311.

The case finds that the particulars in which the goods differed from the description called for by the order, were such as could

be ascertained by an inspection of the goods. The defendant, by his detention of them for the length of time he did, before he endeavored to return them, and by the acts of dominion he exercised over them, waived his right to return them. If any question could be made under the circular as to the time within which the goods might be returned, that time is defined and made certain by the plaintiff's letter of Dec. 3d, which was sent with the bill of the goods. By that letter, he was directed that if he returned any of the robes, to " do so at once, soon as received." It was competent for the plaintiff to give that direction, and the time within which the defendant might return any portion of the goods, was limited and controlled by it.

Judgment reversed, and judgment for plaintiff.