### Everett Chaffin v. Jason Bitinsky, d.b.a. Village Nook

[227 A.2d 296]

December Term, 1966

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 7, 1967

*Victor A. Agostini* with *Chapman & MacBride* on the brief for plaintiff.

*John P. Morrissey* and *Harvey D. Carter, Jr.* for defendant.

**Smith, J.** Plaintiff has brought his appeal here from a judgment of the Bennington County Court in his favor against the defendant. In the case below, heard by the Bennington County Court without a jury, plaintiff sought to recover for certain services performed by the plaintiff and for the price of a ventilating fan installed by the plain-

tiff in the kitchen of the restaurant owned by the defendant. Findings of fact were made by the court below, and judgment entered for the plaintiff for the value of the services he rendered the defendant, but not for the $340.55 sought to be recovered by the plaintiff from the defendant for the fan. The presiding judge of the Bennington County Court dissented from the findings of fact and judgment entered by the assistant judges of said court.

Plaintiff, an electrical contractor, was called in by the defendant when an exhaust fan in the kitchen of defendant's restaurant, which had been there for some five or six years, failed to function properly. Although plaintiff attempted to sell the defendant a new fan of a greater air moving capacity, the defendant stated he wanted a new fan "according to the specifications of the one he took out."

Plaintiff installed a new fan and billed the defendant for it. From time to time, the defendant complained to the plaintiff that the new fan did not function efficiently, but although the defendant did not pay the plaintiff for the fan, he continued to use it in his restaurant for 14 months after its installation. At the end of that period, he returned the fan, without previous notice to the plaintiff, refused payment for it, and had another fan installed by a third party.

The judgment of the majority of the lower court, allowing plaintiff only a partial recovery of the sum he sought from the defendant, was based upon findings which can be summarized as being that the plaintiff did not furnish to the defendant a fan which was in strict compliance with all the specifications desired by the defendant. Plaintiff has briefed here his exceptions to such findings in his first claim of error here.

■ Plaintiff contends in the second ground of his brief that even if the fan installed by plaintiff was different from the fan contracted for, defendant accepted it and became bound to pay the purchase price. We turn to this ground of the brief for our first consideration because it will result in a final determination of the matter presented.

Undisputed is the evidence that defendant retained and operated the fan for fourteen months before attempting to return it to the plaintiff. "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them

which is inconsistant with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller he has rejected them." Uniform Sales Act, 9 V.S.A. §1548, now 9A V.S.A. §2-602 and §2-606.

In the case of *Broughton* v. *Standish,* 48 Vt. 594, 598, before the passage of the Uniform Sales Act but still applicable, we said "When goods of a specific description are ordered, and the goods, when received, do not answer the description, if the party giving the order would avail himself of the right to return the goods, he should do so as soon as he has time and opportunity to ascertain the fact."

While the defendant did complain from time to time about the working efficiency of the fan installed by the plaintiff, he continued to use the same. It is apparent he never examined the fan to see if it was what he had ordered during the fourteen months that he had it in his use and possession. From his briefed statement, it was not until trial that he conclusively knew it was not the fan he ordered.

"The acceptance of goods by a buyer will be presumed after their receipt and lapse of a reasonable time for examination. If he exercises his right to reject them he must do so not only promptly, but unequivocally. Mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller, are not sufficient." *Cosmo Dress, Inc.* v. *Perlstein,* 4 A.2d 596, 597-598. Also, see 77 C.J.S. Sales, §224, p. 992.

Under the circumstances here existing, the defendant retained the use and possession of the fan installed by the plaintiff for more than a reasonable time after the installation to avail himself of the right to return it. The judgment must be reversed, but the case will not have to be remanded, as enough appears by the record to show what the judgment should be. *Standard Oil Co. of New York* v. *Stevens,* 103 Vt. 1, 4, 151 Atl. 507.

*Judgment reversed, and judgment for the plaintiff to recover the sum of $355.55, with interest from Jan. 4, 1966, the date of judgment below, and costs.*