### Desilets Granite Company v. Stone Equalizer Corporation

[340 A.2d 65]

No. 31-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 3, 1975

*Julian R. Goodrich, Esq.,* of *Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*John A. Burgess Associates, Ltd.,* Montpelier, for Defendant.

**Daley, J.** A commercial buyer's attempted revocation of its acceptance of a stone-splitting machine purchased from a seller is at issue in this appeal. After trial, the Washington County (Superior) Court determined that plaintiff Desilets Granite Company had justifiably revoked acceptance of the purchased product under 9A V.S.A. § 2—608. As a consequence, plaintiff was allowed to recover, pursuant to 9A V.S.A. § 2—711, the amount of the purchase price already paid to defendant Stone Equalizer Corporation, plus escrow monies representing the unpaid balance of the purchase price.

According to the findings, plaintiff is a Vermont corporation manufacturing monuments and other granite products. A foreign corporation, defendant manufactures machinery used in the granite industry. In 1972, the parties negotiated for and consummated a sale of a stone-splitting machine, after representations as to the superiority of defendant's product. After delivery of the machine in early 1973, problems developed with its operation. By agreement, the machine was returned to defendant for modifications and corrections and, on receipt of the renovated stone-splitter, plaintiff was to make the final payment owing.

In August, 1973, defendant notified plaintiff that the corrections were completed. On plaintiff's assurance that payment would be made on delivery, defendant shipped the machine on August 9, but refused to unload it until payment was tendered. On the same day, plaintiff attached the machine and commenced this action below by filing a complaint for breach of warranty. Under order of court, plaintiff was subsequently allowed to operate the refurbished machine, but it again proved to be unsatisfactory and unfit for its purpose.

■■ Acceptance of non-conforming goods under either one of two conditions must occur before a commercial buyer may revoke his acceptance. He may properly revoke (1) when acceptance has occurred on the reasonable assumption that the

non-conformity would be cured and it has not so been; or (2) when acceptance has occurred without discovery of the non-conformity if so induced by (a) difficulty of discovery before acceptance or by (b) seller's assurances. 9A V.S.A. § 2—608(1). And, for the revocation to be effective, it must occur both within a reasonable time after discovery and after buyer has notified the seller of it. 9A V.S.A. § 2—608(2). We cannot agree with defendant's contention that under the facts of this case neither of the statutory conditions were present to enable plaintiff to revoke his acceptance of the stone-splitting machine. But we do ascribe to the argument that, even granting plaintiff did properly revoke his acceptance, his failure to give notice thereof renders the revocation ineffective.

Plaintiff gained possession of the refurbished machine on August 9 when, by attachment, it took delivery. Since the non-conformity, if any, contemplated by Section 2—608(1) could not have been discovered before actual use of the machine, it is clear that the statute allows the plaintiff to revoke its acceptance in such a case when, on eventual use, the machine remains unfit for its purpose. 9A V.S.A. § 2—608(1)(b). To this extent, the lower court's decision is supportable.

The findings, however, are crucially lacking on the element of notice of revocation. The statute plainly states that revocation of acceptance is not effective until the buyer notifies the seller. The lower court determined the applicability of Section 2—608 in Conclusion of Law No. 25, but neither the findings, nor the remaining conclusions of law detail the required notification. We have said before that the courts must carry out their duty of stating the facts which bring a case within the ambit of the statute in question. *In re J. M.*, 131 Vt. 604, 608, 313 A.2d 30 (1973).

Failure to delineate whether or not notice was given necessitates at least a remand. Since, however, an examination of the transcript fails to yield any evidence of notice, plaintiff's attempted revocation of acceptance never became, nor could become, effective. 9A V.S.A. § 2—608(2). Neither the attachment nor the complaint, in this case, could constitute the required notice. The attachment was merely a means by which buyer was able to obtain control over the machine before payment to determine its workability and fitness. The serving of a complaint for breach of warranty, properly timed, might in

some cases constitute notice of revocation, but not here where it was served before plaintiff discovered the non-conformity. If the principal policy behind the rejection notice requirement is to give the seller an opportunity to cure or permit him to assist in minimizing the buyer's losses, J. White & R. Summers, Uniform Commercial Code § 8–3, at 262 (1972), that policy has clearly not been met where the complaint was served at the moment of acceptance, before any determination of the conformity of the goods could be had.

Since the lower court erred in determining that plaintiff had properly revoked its acceptance, it follows that its award of damages under 9A V.S.A. § 2—711 based on a revocation theory is also erroneous. A buyer's damages for breach in regard to accepted goods is governed by 9A V.S.A. § 2—714. There must be a new trial to determine whether the buyer is entitled to damages under Section 2—714 and, if so, the amount thereof.

*Reversed and remanded for further proceedings in accordance with this opinion.*