## Rutland Music Service, Inc. v. Ford Motor Company

[422 A.2d 248]

No. 70-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

September 8, 1980

*Allan R. Keyes* and *R. Joseph O'Rourke* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff.

*Thomas E. McCormick* of *McNamara & Fitzpatrick, Inc.*, Burlington, for Defendant.

Billings, J. This case arises out of the sale of an automobile by the defendant to the plaintiff, which the plaintiff claims vibrated objectionably. The evidence indicates that one of the plaintiff's principals, upon driving the automobile a few miles, discovered a vibration and returned the car to the defendant's dealer in Rutland. After some discussion and at the dealer's

suggestion that driving a few thousand miles might remedy the problem, the plaintiff's principal left again with the automobile only to return several times over the course of the next six months for repairs intended to remedy the objectionable vibration. After traveling over 8,000 miles with the automobile, the plaintiff notified the defendant's dealer that it did not want the vehicle because the repairs had not remedied the problem.

The plaintiff prevailed below on the following interrogatories given sua sponte by the court to the jury together with accompanying instructions:

1. Did the Defendant sell to the Plaintiff an automobile which failed in any respect to conform to their contract?

Yes ___x___ No. _____

2. If the answer above is Yes, did the Plaintiff act within a reasonable time period to reject or to revoke any acceptance of the automobile?

Yes ___x___ No. _____

3. If the answer to #2 above is Yes, did the Plaintiff properly notify the Defendant of its actions?

Yes ___x___ No. _____

4. If the answer to #1, 2 and 3 above is Yes, what is the amount of damages which should be awarded to the Plaintiffs?

Amount of Damages ___$17,500.00___

The defendant specifically objected below and claims that the court erred in its interrogatories and instructions for several reasons. First, the defendant contends that the court failed to correctly distinguish between and define rejection and revocation of acceptance, and to correctly instruct the jury on the measure of damages for rejection or revocation of acceptance under Title 9A of the Vermont Statutes Annotated, Article 2 of the Uniform Commercial Code. Second, it contended that the evidence was not sufficient to sustain a verdict based upon either rejection or revocation of acceptance. Third, the defendant attacks the jury award as excessive. The plaintiff questioned the timeliness of the appeal. The timeliness issue having been conceded by the plaintiff we do not address it here.

Under the Uniform Commercial Code rejection of goods and revocation of their acceptance have distinct definitions and requirements. Compare *Chaffin* v. *Bitinsky*, 126 Vt. 218, 227 A.2d 296 (1967) (rejection), with *Desilets Granite Co.* v. *Stone Equalizer Corp.*, 133 Vt. 372, 340 A.2d 65 (1975) (revocation). The buyer upon receipt of goods which "fail in any respect to conform to the contract" may either reject them, accept them or accept only some of a number of commercial units. 9A V.S.A. § 2–601. This rule provides a buyer with a right of rejection whenever the tender of delivery or the goods so delivered are not perfectly in conformity with the contract, *Moulton Cavity & Mold, Inc.* v. *Lyn-Flex Industries, Inc.*, 396 A.2d 1024, 1027 (Me. 1979); *Intermeat, Inc.* v. *American Poultry Inc.*, 575 F.2d 1017, 1024 (2d Cir. 1978), but the Code limits the exercise of the right to "a reasonable time after . . . delivery or tender," 9A V.S.A. § 2—602(1); *Chaffin* v. *Bitinsky*, *supra*, 126 Vt. at 220, 227 A.2d at 297. The reasonableness of the time for the buyer's rejection is usually coincidental with the period of time during which the buyer may exercise his right to inspect the goods for conformity to the contract under 9A V.S.A. § 2—513(1). See 9A V.S.A. § 2—606(1)(b); *Fabricators, Inc.* v. *Farmers Elevator, Inc.*, 203 Neb. 150, 153, 277 N.W.2d 676, 678 (1979). The buyer is obligated to notify, 9A V.S.A. § 1—201(26), the seller within a time seasonable with the time of rightful rejection, 9A V.S.A. § 2—602(1). See Reporter's Note 1, 9A V.S.A. § 2—602; *Chaffin* v. *Bitinsky*, *supra*. See also, *Boughton* v. *Standish*, 48 Vt. 594, 598 (1876). If the buyer accepts the goods either by "signif[ying] to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity," 9A V.S.A. § 2—606(1)(a), or fails to reject the goods pursuant to 9A V.S.A. § 2—602(1), 9A V.S.A. § 2—606(1)(b), then his rights with respect to nonconforming goods do not include the right of rejection. See *Chaffin* v. *Bitinsky*, *supra*.

■ Since a buyer may accept goods which he knows or should have known were nonconforming, he may not revoke that acceptance merely because the nonconformity renders the tender less than perfect. He may revoke only if the nonconformity "substantially impairs" the value of the goods to him, see *Keen* v. *Modern Trailer Sales, Inc.*, 40 Colo. App. 527, 530,

578 P.2d 668, 670 (1978); *McGilbray* v. *Scholfield Winnebago, Inc.*, 221 Kan. 605, 611, 561 P.2d 832, 836 (1977); *Conte* v. *Dwan Lincoln-Mercury, Inc.*, 172 Conn. 112, 120–21, 374 A.2d 144, 148 (1976); *Collum* v. *Fred Tuch Buick*, 6 Ill. App. 3d 317, 321, 285 N.E.2d 532, 535 (1972), and provided he accepted the goods on the "reasonable assumption" that the known nonconformity would be, but was not "seasonably" cured, or, if he did not know of the nonconformity, "his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." 9A V.S.A. § 2—608(1); see *Desilets Granite Co.* v. *Stone Equalizer Corp.*, *supra*, 133 Vt. at 374, 340 A.2d at 66. Such assurances must be of the sort which "induce the buyer to delay discovery." Reporter's Note 3, 9A V.S.A. § 2—608. Notice of the revocation, 9A V.S.A. § 1—201(26), must be communicated to the seller "within a reasonable time after the buyer discovers or should have discovered the ground for it *and* before any substantial change in condition of the goods . . . ." 9A V.S.A. § 2—608(2) (emphasis added); see *Solomon Refrigeration, Inc.* v. *Osburn*, 148 Ga. App. 772, 775, 252 S.E.2d 686, 689–90 (1979); *Murray* v. *Holiday Rambler, Inc.*, 83 Wis. 2d 406, 427–29, 265 N.W.2d 513, 524 (1978). See also, *Desilets Granite Co.* v. *Stone Equalizer Corp.*, *supra*.

Thus, not only is the measure of nonconformity different for revocation and rejection, but the time frame in which notice of each action must be sent may differ significantly. Furthermore, proof of proper revocation, unlike rejection, requires evidence tending to show that the conditions of either 9A V.S.A. § 2—608(1)(a) or (b) have been met. See *Desilets Granite Co.* v. *Stone Equalizer Corp.*, *supra*.

To be correct, the interrogatories here delivered to the jury with the instruction that they comprised "a neat little guide to show . . . how to approach the case in the juryroom," must reflect the differences between rejection and revocation of acceptance, provided there was evidence introduced to show both in the alternative. The first interrogatory is clearly directed only to the measure of nonconformity requisite for proper rejection since it imposes a perfect tender test. The second interrogatory, however, asks whether rejection *or* revocation took place within a reasonable time. With adequate in-

struction such an interrogatory might have been permissible with respect to rejection only. Here, because the answer is conditioned upon a determination that there was no perfect tender, the timeliness issue properly before the jury was whether the rejection was timely in light of the statutory standard of reasonableness for the rejection situation. If the rejection were not made within a reasonable time after delivery, then the jury should not have been free to find a timely revocation of acceptance without determination that a nonconformity "substantially impaired" the value of the car to the plaintiff and that the conditions of 9A V.S.A. § 2—608(1)(a) and (b) were proven. These two interrogatories blurred the distinction between the timeliness of rejection and the timeliness of revocation, while they also permitted, if not directed, the jury to impose a measure of nonconformity appropriate only for proof of rejection in the circumstance where the jury may not have found a rejection timely.

Moreover, as the parties have conceded here, the evidence was insufficient to have supported a verdict based upon rejection. Therefore, no instructions or interrogatories on rejection were appropriate.

Inasmuch as the cause must be reversed and remanded for a new trial on the issue of revocation of acceptance, we do not reach the other issues raised by the parties.

*Reversed and remanded.*