**Agway, Inc. v. Ralph Teitscheid and Ann Marie Teitscheid**

[472 A.2d 1250]

No. 82-471

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed January 20, 1984

*William H. Meub* and *Olin R. McGill Jr.* of *Kelley & Meub, Ltd.*, Middlebury, for Plaintiff-Appellee.

*Mark L. Sperry* and *James W. Swift* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendants-Appellants.

**Underwood, J.** Plaintiff, Agway, Inc., sued to recover the balance due and owing by defendants for carpeting it installed in defendants' home. Defendants, who had accepted the carpeting, alleged in their answer that it was defective and that plaintiff had breached its warranty of merchantability. The district court concluded defendants had not given timely notice of any such breach and entered judgment for the plaintiff in the amount of $1,154.25. Defendants appealed. We affirm the district court.

The pertinent facts are straightforward. In July of 1979 plaintiff sold and installed several new carpets in a house defendants were remodeling. The complete purchase price was $2,389.99, and prior to delivery defendants had paid plaintiff about $1,600.00. After installation, defendants telephoned plaintiff to indicate their dissatisfaction with the carpets. They complained that some of the carpet seams were coming up and that there was "pilling," a deterioration of the carpet fabric resulting in a loss of fabric. Plaintiff went to defendants' home and corrected the seam problem, and at the same time advised defendants that pilling was normal for new carpet and would cease after several vacuumings.

The pilling did cease on two of the carpets, but not on another. On one carpet they experienced continued pilling well beyond the period normal for new carpet. The defendants, however, never again notified plaintiff of this ongoing problem with one carpet but instead made several promises to pay the amount remaining. The court below found that two months after installation defendants "were again requested to make

payment and indicated they were still willing to make payment and made no complaint at that time to the plaintiff regarding the continuing deterioration of the rugs."

In August of 1980, nearly one year after the installation of the carpets, plaintiff sued to recover the money still due under the contract. In their answer, defendants advanced an affirmative defense that amounted to a charge of breach of contract based upon breach of the implied warranty of merchantability under 9A V.S.A. § 2—314(2) (c). The district court concluded that defendants had accepted the carpets, 9A V.S.A. § 2—606, but failed to give plaintiff notice of any breach within a reasonable time. 9A V.S.A. § 2—607(3) (a).[1] It further concluded that this barred defendants from any remedy. Id.

On appeal, defendants argue that they notified plaintiff of the breach of warranty within a reasonable time, that the court's findings are erroneous, and that the subject carpet is defective.

The dispositive provision of this appeal is 9A V.S.A. § 2—607 (3) (a). Once a buyer accepts goods, the time for rejection has passed. 9A V.S.A. § 2—607(2). Since defendants accepted the carpets, 9A V.S.A. § 2—606, and never attempted to revoke that acceptance, 9A V.S.A. § 2—608, rejection and revocation were unavailable. The buyer's remedies under these circumstances are governed by 9A V.S.A. § 2—714(1),[2] and this section is predicated upon the notice required in 9A V.S.A. § 2—607(3).

In this case there were two acts by which defendants claim to have satisfied 9A V.S.A. § 2—607(3) (a). First, defendants maintain that their phone call shortly after installation of the carpets was adequate and timely notice. Although not specific,

---

[1] 9A V.S.A. § 2—607(3) (a) provides:

(3) Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . .

[2] 9A V.S.A. § 2—714(1) provides:

(1) Where the buyer has accepted goods and given notification (subsec. (3) of § 2—607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

the trial court's findings indicate that the phone call was made soon after installation; thus the phone call satisfied the "reasonable time" requirement of 9A V.S.A. § 2—607(3)(a). It was, however, insufficient to indicate notice of a breach of contract. See *K & M Joint Venture* v. *Smith International, Inc.*, 669 F.2d 1106, 1113 (6th Cir. 1982). At most, the phone call indicated a present dissatisfaction with the carpet's performance.

Comment 4 to 9A V.S.A. § 2—607 gives some indication of the kind of notice required. "The content of the notification need merely be sufficient to let the seller know that the transaction is *still* troublesome and must be watched." (Emphasis added.) Testimony at trial indicated that most, if not all, new carpet is susceptible to some pilling. Plaintiff advised defendants that after several vacuumings the pilling would cease, and the record indicates that the pilling in two other carpets did stop. The continued pilling in the subject carpet after several vacuumings then became a continuing problem that should have been brought to plaintiff's attention. Defendants were in the best position to determine if it was "still troublesome." Comment 4 goes on to say that "[t]he notification which saves the buyer's rights under this Article need only be such as *informs the seller that the transaction is claimed to involve a breach . . . .*" (Emphasis added.) Next, we must evaluate defendants' actions in this case, to determine whether they amount to a claim of breach.

When evaluating the sufficiency of a notice of breach under 9A V.S.A. § 2—607(3)(a) we will look to all the circumstances of the case. *T. J. Stevenson & Co.* v. *81,193 Bags of Flour*, 629 F.2d 338, 359 (5th Cir. 1980). One court, in a commercial context, has held that

> [e]ven though adequate notice may have been given at one point in the transaction, subsequent actions by the buyer may have dissipated its effect.

*Eastern Air Lines, Inc.* v. *McDonnell Douglas Corp.*, 532 F.2d 957, 978 (5th Cir. 1976). In the instant case, however, adequate notice of a claim of breach was never given. Based upon the failure of defendants' telephone call to apprise plaintiff of anything more than present dissatisfaction, and upon de-

fendants' subsequent assurances that the money remaining on the contract would be paid, we hold that, prior to filing their affirmative defense in the lawsuit, defendants never gave plaintiff notice of a breach of contract as required by 9A V.S.A. § 2—607(3)(a).

■ The defendants also claim that the affirmative defense in their answer to plaintiff's complaint constituted timely notice under 9A V.S.A. § 2—607(3)(a). Defendants rely on *Desilets Granite Co.* v. *Stone Equalizer Corp.*, 133 Vt. 372, 374–75, 340 A.2d 65, 67 (1975), to support their position. In *Desilets*, we observed that: "The serving of a complaint for breach of warranty, *properly timed*, might in some cases constitute notice of revocation . . . ." *Id.* (Emphasis added.)

■■ The timeliness of notice under 9A V.S.A. § 2—607 (3)(a) is ordinarily a question of fact for the trier. *Allen Food Products, Inc.* v. *Block Brothers, Inc.*, 507 F. Supp. 392, 394 (S.D. Ohio 1980). When defendants' dissatisfaction was initially met by plaintiff's assurance that some pilling was normal, and when defendants assured plaintiff that payment was forthcoming, an affirmative defense filed almost thirteen months after installation of the carpet is not reasonable to alert plaintiff to a claimed breach of contract. Other courts have found even shorter periods insufficient under 9A V.S.A. § 2—607(3)(a). *Klockner, Inc.* v. *Federal Wire Mill Corp.*, 663 F.2d 1370, 1378 (7th Cir. 1981) (notice of breach of warranty made by buyer's counterclaim eight months after delivery held unreasonable under 9A V.S.A. § 2—607(3)(a)); *International Paper Co.* v. *Margrove, Inc.*, 75 Misc. 2d 763, 765, 348 N.Y.S.2d 916, 919 (Sup. Ct. 1973) (answer and counterclaim filed five months after delivery insufficient under 9A V.S.A. § 2—607(3)(a)). We hold that defendants' affirmative defense, while arguably sufficient notice of a breach, was not communicated to plaintiff "within a reasonable time." 9A V.S.A. § 2—607(3)(a).

Defendants next contend that the trial court erred by making inconsistent findings; once the court found that they complained by phone shortly after installation of the carpet, defendants argue that it "should be impossible to find that inadequate notice of the defect was given." Defendants seem to misconceive the difference between a customer complaint, on one

hand, and notice of a breach under 9A V.S.A. § 2—607(3)(a) on the other. While perhaps the trial court could have been more explicit in its findings, they do not constitute clear error. V.R.C.P. 52; *Finley* v. *Williams*, 142 Vt. 153, 155, 453 A.2d 85, 86 (1982).

Finally, defendants argue that the carpet that continued pilling was defective. While there was some evidence adduced below that the carpet was substantially impaired in value, this is of no consequence in view of our disposition of the case. Since we have decided that defendants never gave plaintiff timely notice of a claimed breach, defendants are now barred from any remedy. 9A V.S.A. § 2—607(3)(a).

*Affirmed.*