## Dale W. Pecor v. General Motors Corporation

[547 A.2d 1364]

No. 86-324

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ.**

Opinion Filed May 13, 1988

*Spokes, Foley & Stitzel,* Burlington, for Plaintiff-Appellee.

*Charles N. Hurt, Jr.,* of *Downs Rachlin & Martin,* St. Johnsbury, and *Michael E. Rovinski, General Motors Legal Staff,* Detroit, Michigan, for Defendant-Appellant.

**Allen, C.J.** This is an appeal by General Motors Corporation (manufacturer) from a decision of the Washington Superior Court affirming the decision of the Vermont Motor Vehicle Arbitration Board (Board) in favor of Dale W. Pecor (consumer). Manufacturer contends that the superior court erred in affirming the Board's decision because it was unsupported by adequate findings and therefore exceeded the Board's authority, and that the rem-

edy ordered by the Board was outside its authority. We affirm in part and reverse in part.

This action was brought under the New Motor Vehicle Arbitration Act (Act), 9 V.S.A. §§ 4170-4181, which was passed in order to facilitate an expeditious and inexpensive resolution of automobile warranty problems. See 9 V.S.A. § 4170. The Act created the Vermont Motor Vehicle Arbitration Board. *Id.* at § 4174. The Board hears disputes and awards refunds or replacement vehicles where appropriate. *Id.* at § 4173. Although decisions of the Board are final, they may be appealed to a superior court. *Id.* at § 4176.

In the instant case, consumer purchased a new 1985 Chevrolet pickup truck from an authorized General Motors dealer in South Burlington, Vermont. Shortly thereafter, he filed a demand for arbitration with the Board pursuant to 9 V.S.A. § 4173. In this demand the consumer alleged that the truck did not conform to manufacturer's express warranties for a variety of reasons. He further alleged that the truck was out of service for reason of repair for a period of more than thirty days within the express warranty period. Finally, consumer alleged that the defects substantially impaired his vehicle's use, market value and safety. He requested a replacement vehicle as relief pursuant to 9 V.S.A. § 4172(e).

The Board held a hearing and found that the vehicle was out of service for more than thirty days and ordered the manufacturer to supply consumer with a replacement vehicle and consequential damages or, if unable to do so within twenty-five days, to pay a refund and consequential damages.

Manufacturer did not comply with the Board's order. Instead, thirty days after the Board issued its order, manufacturer appealed to the Washington Superior Court pursuant to 9 V.S.A. § 4176(a)(3). It argued in the superior court that the Board had exceeded its authority by awarding consumer alternative relief without first finding that the truck suffered from existing nonconformities which substantially impaired the use, market value or safety of the vehicle after repair had been attempted a reasonable number of times. To support the necessity of such a finding, manufacturer pointed to the language of 9 V.S.A. § 4172(e):

> If, after a reasonable number of attempts, the manufacturer . . . is *unable to conform* the motor vehicle to any express warranty by repairing or correcting any defect or con-

dition covered by the warranty which substantially impairs the use, market value, or safety of the motor vehicle to the consumer, the manufacturer shall . . . replace the motor vehicle . . . or shall accept return of the vehicle from the consumer and refund to the consumer the full purchase price. . . .

*Id.* (emphasis added). The superior court affirmed the Board's finding that the truck's defects, which included excessive vibration, engine failure when accelerating, and a power steering unit that had to be completely replaced twice, were "substantial" within the meaning of 9 V.S.A. § 4172(e). The superior court also held that, because the Board had found that the repair attempts took an "unreasonable amount of time," (more than thirty cumulative days) liability attached. This was a correct interpretation of the Act. See *id.* at § 4173(a).

■ The Act sets out two alternative ways of establishing a "presum[ption] that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable warranties . . . ." *Id.* at § 4172(g). First, the presumption arises if "the same nonconformity . . . has been subject to repair at least three times . . . and *the same nonconformity continues to exist . . . ." Id.* at § 4172(g)(1) (emphasis added). The second way in which a consumer may establish the presumption is by demonstrating that "the vehicle is out of service by reason of repair for a cumulative total of 30 or more calendar days during the term of the express warranty." *Id.* at § 4172(g)(2).

Manufacturer argues that, under either method of establishing a "reasonable number of repair attempts," it is incumbent upon the consumer to prove existing nonconformities. We disagree. There is no language in the statute indicating that a consumer must show "existing nonconformities" when attempting to establish the presumption that a reasonable number of repair attempts have been made by virtue of the vehicle having been out of service for thirty or more days. See *id.* at § 4172. We think there is good reason for this omission.

Where, as here, a consumer has successfully shown that the purchased vehicle was out of service for repairs for thirty or more days, the statute provides that the vehicle does not conform to its warranty. In other words, if there were no continuing problems,

the automobile would have been made available for return to consumer prior to the thirtieth day of repair.*

Because we conclude that liability properly attaches to the manufacturer upon consumer showing that the vehicle is out of service by reason of repair for thirty or more cumulative days because of a defect, covered by warranty, which substantially impairs the use, market value, or safety of the motor vehicle, we may now consider the appropriateness of the remedy awarded.

■ Manufacturer argues that the relief ordered was outside the Board's authority. The Board ordered manufacturer to supply consumer with a replacement vehicle within twenty-five days of the order in exchange for a $630 "use allowance" as provided for in 9 V.S.A. § 4172(e). Additionally, the Board ordered manufacturer to refund the following: the pro rata premiums for credit life insurance, disability insurance, accident insurance, and health insurance, as well as the full amount of all interest charges, taxes, lien and transfer fees, and registration or other credit fees charged in the original transaction. In the alternative, the Board ordered that if manufacturer did not supply a replacement vehicle within the twenty-five days, it was to furnish consumer a refund, plus the enumerated refunds and consequential damages provided in the first alternative.

On appeal to the superior court, manufacturer unsuccessfully argued that the first alternative relief, a replacement vehicle in addition to refunded expenses and consequential damages, exceeded the scope of the Board's authority under 9 V.S.A. § 4172(e). We agree.

The Act provides for alternative relief, at the election of the consumer, where a vehicle continues to suffer a substantial impairment after a reasonable number of repair attempts have been made:

> [T]he manufacturer shall, at the option of the consumer within 30 days of the effective date of the board's order, replace the motor vehicle with a new motor vehicle from the same manufacturer, if available, of comparable worth . . . or shall accept return of the vehicle from the consumer and re-

---

* Likewise, where a consumer is able to show that the same nonconformity has been subject to repair four or more times within the express warranty term, the continuing existence of a substantial nonconformity after the third repair attempt will have been proven under 9 V.S.A. § 4172(g)(1).

fund to the consumer the full purchase price. *In those instances in which a refund is tendered*, the manufacturer shall refund to the consumer the full purchase price as indicated in the purchase contract and all credits and allowances for any trade-in or downpayment, license fees, finance charges, credit charges, registration fees and any similar charges and incidental or consequential damages.

9 V.S.A. § 4172(e) (emphasis added). This section — in unambiguous terms — permits the refunding of incidental expenditures and awarding of consequential damages only when the consumer elects to receive a refund instead of a replacement vehicle. Therefore, the plain meaning of the statute is controlling. *Heisse* v. *State*, 143 Vt. 87, 89, 460 A.2d 444, 445 (1983). Although normally "the construction of a statute by those who are charged with its execution will be sustained on appeal," *In re Village of Hardwick Electric Department*, 143 Vt. 437, 444, 466 A.2d 1180, 1183 (1983), the Board's construction of the Act was contrary to its plain meaning and constitutes a "compelling indication[] of error." *Id.* Accordingly, the portion of the Board's order requiring manufacturer to pay refunds and damages in addition to supplying a replacement vehicle must be stricken. However, "the case will not have to be remanded, as enough appears by the record to show what the judgment should be." *Chaffin* v. *Bitinsky*, 126 Vt. 218, 220, 227 A.2d 296, 297 (1967).

As the Board ordered, manufacturer shall have twenty-five days to supply consumer with a replacement vehicle. However, if manufacturer does so, then no refunds or consequential damages shall be due. If manufacturer is unable to supply consumer with an appropriate replacement vehicle within the specified time, then the manufacturer shall pay the refunds and damages ordered by the Board. The twenty-five day period for manufacturer to supply the replacement vehicle shall run from the date of the mandate.

*Affirmed in part, reversed in part; order of the Board reinstated according to the terms of this opinion.*