258 So.2d 319 (1972)
ORANGE MOTORS OF CORAL GABLES, Inc., Appellant,
v.
DADE COUNTY DAIRIES, INC., a Florida Corporation, Appellee.
No. 71-727.
District Court of Appeal of Florida, Third District.
February 8, 1972.
Rehearing Denied March 15, 1972.
Shalle Stephen Fine, Miami, for appellant.
Martin L. Sandler, Miami, for appellee.
Before SWANN, C.J., CHARLES CARROLL, J., and LESTER, M. IGNATIUS, Associate Judge.
*320 SWANN, Chief Judge.
Plaintiff, Dade County Dairies, Inc., purchased a new 1970 Jaguar automobile from defendant, Orange Motors of Coral Gables, Inc. and thereafter sued for cancellation and rescission of the sales contract and other relief. Defendant's answer denied the allegations of the amended complaint.
It appears that almost immediately after the Jaguar was delivered to plaintiff problems developed with the vehicle; the power steering was stiff; the air-conditioning leaked and rattled; the doors did not close properly; the steering column almost fell off; on two occasions the car engine stopped without apparent cause, once in heavy traffic. The car was in the shop for various repairs approximately one half of the three months it was in plaintiff's possession.
In the final judgment for plaintiff it was found that the Jaguar failed to perform as represented by the defendant or, in the alternative, that defendant breached its warranty of merchantability. Defendant has appealed from the final judgment, as amended.
Defendant's first point on appeal is that the parties agreed to a remedy as a result of a written warranty and rescission was not, therefore, available to plaintiff. It argued the warranty provided for a remedy agreed to by the parties, thus, plaintiff was foreclosed from rescission under § 672.719, Fla. Stat., F.S.A., which provides the parties may provide for a remedy by agreement.
The warranty provided, in separate parts, as follows:
"Subject to the condition of sale detailed on pages 6 and 7 and the limitations herein contained, BMH (USA) Inc. (as defined below) warrants to the purchaser of goods from a distributor/dealer for a period of twelve months or 12,000 miles, whichever first occurs after the date on which the goods are purchased by the license user thereof, that it will exchange or repair any part in need of replacement or repair by reason of defective material or workmanship in manufacture."
* * * * * *
"and further
"Exclusion of other express or implied warranties and personal injuries claims; this warranty is given in lieu of all warranties, conditions and liabilities whatsoever given by BMH (USA) Inc., its servants or agents or implied by common law statute or otherwise."
Under § 672.316(2), Fla. Stat., F.S.A., the critical requirement for language excluding or modifying implied warranties of merchantability or fitness is that it be "conspicuous". See Entron, Inc. v. General Cablevision of Palatka, (5th Cir.) 435 F.2d 995. Any language attempting a limitation of these warranties which is not conspicuous has failed in its purpose. Zabriskie Chevrolet, Inc. v. Smith, 99 N.J. Super. 441, 240 A.2d 195 (1968). The disclaimer in the instant case was in the same color and size of type used for other provisions of the contract. See Entron, supra.
We, therefore, hold this disclaimer ineffective because it was not "conspicuous". See Gable v. Silver, 258 So.2d 11, 4th D.C.A., filed January 14, 1972.
As stated in the leading case of Zabriskie Chevrolet, Inc. v. Smith, supra, every buyer has the right to assume his new car, with the exception of minor adjustments, will be "mechanically new and factory furnished, operate perfectly, and be free of substantial defects" especially in view of the high powered advertising techniques of the auto industry.
After the purchase of an automobile, the same should be put in good running condition; that is the seller does not have an unlimited time for the performance of the obligation to replace and repair *321 parts. The buyer of an automobile is not bound to permit the seller to tinker with the article indefinitely in the hope that it may ultimately be made to comply with the warranty. 46 Am.Jur. Sales § 732; 77 C.J.S. Sales § 340. At some point in time, if major problems continue to plague the automobile, it must become obvious to all people that a particular vehicle simply cannot be repaired or parts replaced so that the same is made free of defect. General Motors Corporation v. Ernest, 279 Ala. 299, 184 So.2d 811.
We recognize that the right to rescind does not arise from every breach of warranty or contract. Each case must be viewed carefully on its own merits to determine whether rescission is the proper remedy. One test for rescission or revocation is whether there has been a substantial impairment of value to the buyer. See Tiger Motor Company v. McMurtry, 284 Ala. 283, 224 So.2d 638 (1969) and § 672.2-608 Fla. Stat., F.S.A. In the case, sub judice, the evidence is replete on this issue. We have considered defendant's other point on appeal and find it insufficient for reversal.
The original judgment for plaintiff required defendant to provide plaintiff with a new untitled and unused Jaguar with the same equipment which was on the original automobile purchased by plaintiff. That final judgment was vacated when the matter came on before the trial court for rehearing or for alternative relief and the court found defendant could not comply with the terms of the original judgment and, accordingly, entered judgment against the defendant for the sum of $6,500.00. Plaintiff argues the original purchase price of the Jaguar was $7,676.00 and plaintiff should be entitled to this amount upon the entry of a judgment of rescission and cancellation.
Defendant's position is that plaintiff was not entitled to rescission and cancellation of the sales contract but if such final judgment should be affirmed the defendant was entitled to a set off or depreciation because plaintiff had use of the Jaguar for approximately 45 days and during the remainder of the time, and while the Jaguar was in defendant's shop for repairs, defendant provided plaintiff with another automobile for transportation. This appears to comport with logic and reason and we find no error in the final judgment, as amended.
The final judgment as amended is
Affirmed.