RAWLS, Judge.
Plaintiff, Arthur J. Cowart, appeals only that part of a favorable final judgment relating to damages.
The principal point on appeal is whether the court erred in awarding defendant a set-off for loss of use of an automobile.
Plaintiff purchased a “new” 1970 Cadillac Coupe DeVille from defendant on June 12, 1970. As a part of this transaction, plaintiff traded in a 1969 Eldorado Cadillac. From the beginning of this transaction, plaintiff encountered numerous malr functions which necessitated repeated service visits to defendant’s establishment and as a whole, on each visit, he was treated with callous disregard by defendant’s “service” and “sales” personnel. Ultimately, it was discovered by plaintiff that his “new” 1970 Cadillac Coupe DeVille had been substantially wrecked prior to defendant selling it to him as a new car. In stating the following, the trial judge explicitly found that defendant had breached its warranty of newness to plaintiff:
“Viewed broadly, and practically interpreted, the facts demonstrate that plaintiff never really or gracefully accepted the involved Coupe DeVille; that from the time of its initial purchase he complained to defendant; at first undertook to have it repaired; ultimately, in exasperation and ‘on September 10, or 11, 1970 . . . offered’ to Mr. Doyle Stanfield, the Cadillac Service Representative, ‘to turn in the car in exchange for a new one’ — but this, of course, was refused. Plaintiff accordingly consulted an attorney who wrote defendant on October 20, 1970, that ‘demand is hereby made that said purchase contract be rescinded and cancelled and that Mr. Cow-art be restored to his position at the time of sale.’ (Defendant’s Exhibit 8). Mr. Helniick replied to the letter (Plaintiff’s Exhibit 5) on October 28, 1970, to the effect that defendant considered plaintiff’s ‘demand . . . completely without merit.’ Still the parties continued to negotiate. Around ‘the end of November or 1st of December’ plaintiff had some conversation with a Mr. Koenig and a Mr. Odom, of Claude Nolan, about the problem. Nothing satisfactory eventuated and so, on January 25, 1971, the instant suit was filed. Plaintiff further stated that even after the filing of the suit one of defendant’s legal representatives called him and asked him to take the car to a paint and body shop of plaintiff’s own choice, and defendant* would pay for it.”
In computing damages the trial judge offset against plaintiff’s award of damages the sum of $2,574.11 as representing the fair rental value of the 1970 Coupe DeVille Cadillac which plaintiff had the use of from June 12, 1970, to June 8, 1971.[1] The cardinal rule for determining damages for breaking a contract in this state has always been an award sufficient to compensate the injured person for the loss which a fulfillment of the contract would have prevented.[2] Plaintiff contract *909 ed with defendant for ownership, use and enjoyment of a new 1970 Coupe DeVille. Plaintiff did not receive a new car but rather a car that had been wrecked. The evidence is overwhelming that plaintiff did not enjoy the use of the wrecked car, but to the contrary consistently sought defendant to remedy the defects and exerted every reasonable effort to procure from defendant that which defendant owed him — a new car. Defendant arrogantly rejected plaintiff’s pleas and forced him to seek recourse in the courts. Under the previously cited rule for determining damages, defendant cannot recoup the use value of a wrecked Coupe DeVille when defendant’s contract obligated him to deliver to plaintiff the ownership, use and enjoyment of a new car.
The judgment is reversed with directions that the judgment appealed be amended by deleting the offset sum of $2,574.11.
Reversed and remanded.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.

. Plaintiff preferred testimony that the loss-of-rental value of the Eldorado Cadillac was equivalent to the rental value of the Coupe DeVille. However, the trial judge refused to allow plaintiff any damages for the loss of use of the 1969 Eldorado Cadillac that he had traded to defendant.

. Florida C & R & R Company v. Foxworth, 41 Fla. 1, 25 So. 338 (1899).