519 P.2d 313

Mia GAWLICK, Plaintiff-Appellee,

v.

AMERICAN BUILDERS SUPPLY, INC.,
Defendant-Appellant.

No. 1329.

Court of Appeals of New Mexico.

Jan. 23, 1974.

William C. Madison, Branch, Dickson, Dubois & Wilson, P. A., Albuquerque, for defendant-appellant.

Louis J. Vener, Albuquerque, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The two issues concern damages. They are: (1) the proper measure of damages recoverable under New Mexico's "Uniform Commercial Code" [§ 50A–1–101 et seq., N.M.S.A.1953 (Repl.Vol. 8, pt. 1)] when there has been a revocation of acceptance and (2) whether there may be an offset to such damages.

Unchallenged findings of the small claims court follow. Plaintiff purchased an automobile from defendant for $600.00. Defendant warranted the title to the vehicle was clear and promised to deliver a clear title certificate "in a week." Plaintiff made several demands for the title; defendant was unable to furnish it. "If plaintiff accepted the vehicle, she revoked her acceptance." The fair market value of the vehicle "if it had clear title was $1,360.00."

The small claims court concluded that plaintiff was entitled to judgment for the value the vehicle would have had with clear title, and entered judgment accordingly. The judgment was affirmed by the district court. See § 16–5–12, N.M.S.A.1953 (Repl.Vol. 4). Defendant appeals the judgment of the district court.

*Damages recoverable upon revocation of acceptance.*

■ Section 50A–2–608, supra, provides for a revocation of acceptance. The unattacked finding is that a revocation of acceptance occurred in this case.

Plaintiff relies on § 50A–2–714, supra, in support of the award of damages based on market value of the vehicle with a clear title. She does so on the basis that damages were awarded for breach of warranty and, therefore, the measure of damages is that stated in § 50A–2–714(2), supra. The argument is fallacious. Section 50A–2–714(2), supra, sets forth a measure of damages for breach of warranty based on an acceptance. Here, the unchallenged finding is that the acceptance had been revoked. The comment to 1 ULA, Uniform Commercial Code, § 2–714 (1968) states:

"1. This section deals with the remedies available to the buyer after the goods have been accepted and the time for revocation of acceptance has gone by. . . ."

Section 50A–2–714, supra, is not applicable.

Defendant contends the applicable provision of the Uniform Commercial Code is § 50A–2–711, supra. We agree. Defendant

also contends that under § 50A–2–711, supra, plaintiff is entitled to no more than a return of the purchase price of the vehicle. We disagree.

The applicable provisions of § 50A–2–711, supra, read:

"(1) Where the . . . buyer . . . justifiably revokes acceptance . . ., the buyer . . . may in addition to recovering so much of the price as has been paid

. . . . . .

"(b) recover damages for nondelivery as provided in this article. . . ."

Buyer's damages for nondelivery are set forth in § 50A–2–713, supra. Such damages are measured by "the difference between the market price at the time when the buyer learned of the breach and the contract price." Under the evidence, "nondelivery" damages would be the difference between the purchase price and the market value of the vehicle with clear title. This "nondelivery" damage, combined with the purchase price, totals the amount of the damages awarded in this case.

■ Defendant's contention is that "nondelivery" damages cannot be awarded because the vehicle was delivered to and used by plaintiff. This contention is answered by the statutory language. Section 50A–2–608, supra, does not condition the right to revoke an acceptance on whether the buyer has or has not physically received the goods. Rather, § 50A–2–608(3), supra, states a buyer who "revokes has the same rights and duties with regard to the goods involved as if he had rejected them." Compare §§ 50A–2–603 and 50A–2–604, supra.

The damages authorized by § 50A–2–711, supra, apply to a buyer who rightfully rejects and a buyer who justifiably revokes acceptance. Physical delivery of the goods to the buyer does not eliminate the recovery of "nondelivery" damages. Recovery of "nondelivery" damages is not conditioned on the absence of physical delivery of the goods. "The remedies listed here [§ 50A–2–711, supra] are those available to a buy-

er who has not accepted the goods or who has justifiably revoked his acceptance." 1 ULA, Uniform Commercial Code, supra, Official Comment to § 2–711.

The claim that plaintiff could not recover "nondelivery" damages because she had physical possession of the vehicle prior to her revocation of acceptance is without merit. The amount of the damage award, under the evidence in this case, was correct under the applicable statute, § 50A–2–711, supra.

### Offset to damages.

 The evidence is that plaintiff used the vehicle for an undetermined period of time before returning the vehicle to defendant. There is also evidence that during plaintiff's use, the vehicle had been damaged. Defendant claims an allowance for this use and damage should be set off against the damages to be recovered by plaintiff. Such an offset, in our opinion, is legally permissible. See § 50A–1–103, supra; American Container Corp. v. Hanley Trucking Corp., 111 N.J.Super. 322, 268 A.2d 313 (1970); Lanners v. Whitney, 247 Or. 223, 428 P.2d 398 (1967); Moore v. Howard Pontiac-American, Inc., 492 S.W. 2d 227 (Tenn.App.1972).

There is no factual basis for applying such an offset. There is evidence of use by plaintiff; however, there is neither evidence nor inference as to the reasonable value of such use. Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967). There is evidence of a dent on the right-hand side of the vehicle but neither evidence nor inference as to the monetary amount of any decrease in value resulting from the dent and neither evidence nor inference of the cost of repairing the dent. N.M.U.J.I. 14.11. Absent a basis for arriving at a monetary amount to be offset, it was not error to fail to apply an offset.

Plaintiff asserts that defendant's appeal was taken merely for delay, and asks us to increase the damages awarded under authority of § 21–2–1(17)(3), N.M. S.A.1953 (Repl. Vol. 4). The basis for such an award is stated in Anderson v. Jenkins Construction Co., 83 N.M. 47, 487 P.2d 1352 (Ct.App.1971). That basis is not established by the record in this case. The request for an increase in the damage award is denied.

The judgment is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.