**ARBUCKLE BROADCASTERS, INC., Plaintiff-Appellant,**

**v.**

**SYSTEMS MARKETING CORP.,**

**and Sono-Mag Corp., Defendants-Appellees.**

**No. 79-1107.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 18, 1980.

Decided March 9, 1981.

Tom E. Smith of Smith & Dent, P.C., Poteau, Okl., for plaintiff-appellant.

Woodrow George of George & Roberts, Ardmore, Okl., for defendants-appellees.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

This is a diversity action brought in Oklahoma by a buyer of sophisticated radio equipment against the seller for breach of express and implied warranties. The buyer appeals from the district court's grant of the seller's motion for summary judgment and denial of the buyer's.

The financing agreement in this sales transaction included buyer's down payment in advance of installation. From the time of installation, the equipment failed to function properly. The buyer then informed the seller that it was rejecting the equipment and would not make further payments. In response, the seller instituted a suit in an Oklahoma state court seeking the return of the equipment. In that same action, the buyer counterclaimed for its down payment.[1] The state trial court granted the seller's motion for judgment on the pleadings, ordering that the equipment be returned to the seller and the buyer's down payment to the buyer. In the later federal diversity action, the district court held that because the buyer had elected to revoke its acceptance of the equipment, it could not now sue on the initially alternative but ultimately inconsistent breach-of-warranty theory.

We agree with the district court's conclusion that once a buyer obtains a recovery under either a revocation or a warranty theory, the alternative theory is deemed to be extinguished. Under Oklahoma law, "buyers cannot rescind a contract and seek damages for breach of warranty." *Z. D. Howard Co. v. Cartwright*, 537 P.2d 345, 349 (Okla.1975). Here, the buyer has recovered in its state court counterclaim under its revocation theory. It therefore cannot bring an additional suit on the now inconsistent breach-of-warranty theory.

The buyer finally asserts that it has alleged under Okla.Stat.Ann. tit. 12A, § 2–721, and is not precluded from alleging, that the seller materially misrepresented the quality of its equipment—a fraud claim. If the buyer in fact had alleged fraud in its complaint, it might have availed itself of the policy "that in an action for material misrepresentation or fraud, neither rescission or a claim for rescission of the contract bars a defrauded party from seeking a

1. As part of this counterclaim, the buyer was entitled under Okla.Stat.Ann. tit. 12A, §§ 2–711(1)(a), –712, –715 to seek incidental and consequential damages related to its revocation and efforts to cover. It did not seek those damages and is now barred from doing so under the doctrine of res judicata. The buyer's counterclaim must be tested for res judicata purposes by the same rules as an original cause of action is tested. *See Allied Paint Mfg. Co. v. Banes*, 253 P.2d 826, 830 (Okla.1953). As such, Oklahoma law precluded the buyer from counterclaiming on a revocation theory and seeking only a refund of its down payment and then suing *later*, on the same theory, to recover the incidental and consequential damages. In *Retherford v. Halliburton Co.*, 572 P.2d 966, 969 (Okla.1977), the Supreme Court of Oklahoma restated its general rule against splitting causes of action: "no matter how many 'rights' of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit or stand barred by the prior adjudication." *See also Greater Oklahoma City Amusements, Inc. v. Moyer*, 477 P.2d 73 (Okla.1970).

claim for damages." *Z. D. Howard Co. v. Cartwright,* 537 P.2d 345, 348 (Okla.1975). However, the buyer has nowhere alleged damages arising from the seller's material misrepresentations and cannot raise this claim for the first time on appeal. *See Neu v. Grant,* 548 F.2d 281, 287 (10th Cir. 1977).

AFFIRMED.