632 P.2d 743 (1981)
632 N.M. 743
CELEBRITY, INC., Plaintiff-Appellant,
v.
Dale KEMPER, d/b/a K-Drugs, Defendant-Appellee.
No. 13301.
Supreme Court of New Mexico.
August 20, 1981.
*744 Earl Norris, Mirrer, Ryan, Orleans & Vener, Albuquerque, for plaintiff-appellant.
Menig, Sager, Curran & Sturges, Paula J. West, Albuquerque, for defendant-appellee.

OPINION
PAYNE, Justice.
Appellant Celebrity sold goods on open account to appellee Kemper, a retailer, with whom it had been doing business over a period of four or five years. Immediately after delivery, Kemper noticed some defective items in the shipment. These were set aside. In past dealings when shipments had contained defective goods, Kemper would set aside the defective items and Celebrity's salesman would check the items and make an adjustment to the account. In this instance, Celebrity's salesman refused to make an adjustment when notified of the defective goods. The invoice for the goods specified that all returns were to be made within five days after receipt and would be accepted only with prior written authorization. Kemper took no further action until he received a demand for payment and threat of lawsuit from Celebrity (approximately three months after the meeting with the salesman). At this time Kemper reboxed all of the unsold and returned goods, whether defective or not, and returned them to Celebrity. Celebrity sent them back, but Kemper refused to accept them. Celebrity sued for the purchase price and judgment was entered for Kemper. We reverse.
This case raises the question of whether there was an adequate rejection of goods under Section 55-2-602, N.M.S.A. 1978. The trial court found a course of dealing between the parties whereby damaged or defective goods were rejected if Kemper brought the damaged or defective goods to the attention of Celebrity's salesman on his next visit to Kemper's place of business following receipt of the merchandise. However, where the express terms of a contract cannot be reconciled with an established course of dealing, the express terms control. § 55-1-205(4), N.M.S.A. 1978. Kemper was justified in acting pursuant to the established course of dealing until notified that the express terms of the contract were to be invoked by Celebrity. The salesman's refusal to make the requested adjustments constituted such notice to Kemper. Under the Uniform Commercial Code, all parties in commercial dealings have obligations of good faith, diligence, reasonableness and care which must be met. § 55-1-102, N.M.S.A. 1978. Kemper's failure to respond to the salesman's notification until threatened with suit does not accord with these obligations. Kemper failed, as a matter of law, to give Celebrity seasonable and particular notice of rejection as to the entire shipment. § 55-2-602(1) and § 55-2-605, N.M.S.A. 1978.
Recognizing that Kemper was justified in acting according to the established course of dealing until notified of a change, we find that only those items set aside and presented to the salesman were properly rejected. We remand for a determination of what items were rejected in this manner.
On appeal, Kemper relied upon Section 55-2-601, N.M.S.A. 1978, as justification for his eventual rejection of all of plaintiff's goods. The statute provides that where the *745 seller's tender fails in any respect, the buyer has three alternatives: reject the whole, accept the whole, or accept any commercial unit or units and reject the rest. Since defendant failed to properly reject all but certain specific items, those items not rejected were accepted. § 55-2-606(1)(b), N.M.S.A. 1978. He thus chose the third alternative under Section 55-2-601 and was unjustified in returning the whole.
Kemper also claims he had insufficient opportunity to inspect the goods because they were packaged for sale, but the law does not permit an indefinite period for inspection where inspection may be difficult. The law provides the buyer a reasonable opportunity to inspect. § 55-2-606(1)(b), N.M.S.A. 1978. We do not decide whether the five-day contractual period is reasonable, but Kemper's delay after Celebrity's invocation of the contract provision was unreasonable. In addition, under Section 55-2-601, Kemper had the opportunity to reject the entire shipment when he learned upon receipt that some of the items were defective. He failed to do so; instead, he accepted most of the shipment and rejected the rest.
Celebrity sought the full contract price. We leave to the trial court the determination of whether any attempt was made by Celebrity to sell the goods in its possession and the applicability of §§ 55-2-703, 55-2-706, 55-2-709, N.M.S.A. 1978.
The case is remanded for further action consistent with this opinion.
IT IS SO ORDERED.
SOSA, Senior Justice, and RIORDAN, J., concur.