416 So.2d 864 (1982)
Paul G. PEPPLER and Francesca A. Peppler, His Wife, Petitioners,
v.
KASUAL KREATIONS, INC., Respondent.
No. 81-1742.
District Court of Appeal of Florida, Third District.
July 13, 1982.
*865 Guillermo F. Mascaro, Coral Gables, and Charles V. Peppler, Miami, for petitioners.
Richard L. Kopel, Hollywood, for respondent.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This case presents the issue of whether the remedies of cancellation and revocation of acceptance under the Uniform Commercial Code are equitable in nature so as to invoke the jurisdiction of the circuit court. We answer this question in the affirmative.
Plaintiffs, Francesca and Paul Peppler, purchased a sofa and lounge chair from the defendant for the agreed price of $986.52, making a down payment of $500. After delivery of the goods and payment of the balance of the purchase price, the buyers discovered defects in the construction of both the sofa and the chair. The furniture was returned to the seller for repair, but the buyers remained dissatisfied with the goods upon their return. The buyers instituted suit in circuit court seeking rescission of the contract and return of the purchase price. Based upon defendant's motion to dismiss, the trial judge transferred the cause to the county court and the buyers brought the instant petition for writ of common law certiorari.
As noted, this action was brought as one for "rescission." The Uniform Commercial Code, while abandoning the term "rescission" in favor of "revocation of acceptance," § 672.608, Fla. Stat. (1979), and "cancellation," § 672.711, Fla. Stat. (1979), has merely codified the remedy formerly available in equity. See Orange Motors of Coral Gables, Inc., v. Dade County Dairies, Inc., 258 So.2d 319, 321 (Fla. 3d DCA), cert. denied, 263 So.2d 831 (Fla. 1972); Prince v. LeVan, 486 P.2d 959, 962-63 (Alaska 1971); Peckham v. Larsen Chevrolet-Buick-Oldsmobile, Inc., 99 Idaho 675, 587 P.2d 816, 818 (1978); Werner v. Montana, 117 N.H. 721, 378 A.2d 1130, 1135 (1977); Testo v. Russ Dunmire Oldsmobile, Inc., 16 Wash. App. 39, 554 P.2d 349, 356 (1976). As we construe the Uniform Commercial Code, cancellation and revocation of acceptance are intended to afford an aggrieved party the panoply of equitable remedies formerly available in a court of chancery in an action for rescission. Nonetheless, in order to be entitled to these Code remedies, an aggrieved party need only plead the enumerated statutory grounds.[1]
Consequently, we find that, under the Code, the equitable powers of the circuit court may be invoked to enforce the relief requested.[2] We therefore grant the petition for a writ of common law certiorari and quash the order transferring this cause to county court with directions to reinstate the present action in circuit court.
NOTES
[1] We observe, of course, that this does not alter a plaintiff's right to bring suit under a common law theory of rescission by pleading the traditional grounds for equitable relief.
[2] Because no demand for a jury trial has been made, at this juncture, we need not consider whether a jury trial would be available as a matter of right.