429 So.2d 398 (1983)
TOM BUSH VOLKSWAGEN, INC., a Corporation; Universal Underwriters Insurance Company, a Corporation; Atlantic National Bank of Jacksonville, a Corporation, Appellants,
v.
Luiz C. KUNTZ, Appellee.
No. AK-273.
District Court of Appeal of Florida, First District.
March 29, 1983.
*399 Steven E. Rohan of Vickers & Rohan, P.A., Jacksonville, for appellants.
William H. Folsom, Jr., P.A., Jacksonville, for appellee.
MILLS, Judge.
Tom Bush Volkswagen, an automobile dealer, appeals a judgment entered in favor of Kuntz, the purchaser of an automobile. Following a jury trial which resulted in a verdict finding a breach of warranty on the part of Volkswagen, the trial court found that Kuntz could revoke his acceptance of the automobile and required Kuntz to elect his remedy. He chose revocation of acceptance. No set-off for use of the auto was given. We affirm in part and reverse in part.
Kuntz purchased a new 1980 Volkswagen Rabbit. The car required frequent trips back to the shop. About eleven such trips occurred. There have been and currently are problems with the car's radio, air conditioning, windshield washers, cruise control, tires, and paint. Repairs have not been successful. There are other minor problems.
During the year and a half that Kuntz had the car, he drove it extensively, about 25,000 miles. This included several pleasure trips, one to Miami, one to Charleston, and one to Washington, D.C. A portion of the use of the car was allocated to Kuntz' business (medical practice) for tax purposes.
The dealer argues that the value of the auto was not substantially impaired so as to permit a revocation of acceptance. We disagree.
There is competent substantial evidence that the value of the car was substantially impaired. Kuntz himself so testified. In addition, a long list of relatively minor problems was provided. As stated in Orange Motors v. Dade County Dairies, 258 So.2d 319 (Fla. 3d DCA 1972):
[E]very buyer has the right to assume his new car, with the exception of minor adjustments, will be "mechanically new and factory furnished, operate perfectly, and be free of substantial defects" especially in view of the high powered advertising techniques of the auto industry.
It is clear that Kuntz did not receive this. We affirm the revocation of acceptance.
Relying on Cowart v. Claude Nolan, Inc., 281 So.2d 907 (Fla. 1st DCA 1973), the trial court refused any set-off representing Kuntz' use of the car. Full repayment of the purchase price was required. Cowart, a contracts case, is distinguishable. Cowart appealed a judgment which set off the seller's damages for loss of use of the auto. Cowart was awarded damages which were to place him in the position he would have been in had the contract been performed. Had the contract been performed, the seller would not have had the car. In our case though, we are attempting to restore the status quo ante. Had Kuntz elected his contract remedy, Cowart would apply. Instead, he elected his equitable remedy, codified in the Uniform Commercial Code. The rule of Orange Motors, supra, holding that a set-off for use of an automobile before revocation was proper, is the correct one. See also Restatement of Restitution § 157(1)(b). The denial of a set-off is reversed.
*400 We note that the amount of the set-off is the value to Kuntz of the use of the auto. See Restatement of Restitution § 155(1). The reduction in value due to frequent trips seeking repairs may reduce the value to Kuntz below the price of a rental auto. In fact, Kuntz may have received no value, although this is unlikely given his extensive use of the auto.
We remand this case so that the trial court may establish the amount of the setoff, taking further evidence on this issue if desired.
NIMMONS, J., concurs.
ERVIN, J., specially concurs with opinion.
ERVIN, Judge, specially concurring.
I agree with the court's disposition of the first point relating to Kuntz's right to revoke his acceptance of the automobile. I think, however, that the majority's analysis of the dealer's right to setoff should be further expanded. Since Kuntz relied upon the remedy provided in the Uniform Commercial Code, the right to revoke acceptance of the goods purchased, as provided under UCC 2-608 (Section 672.608, Florida Statutes), Kuntz now argues that the remedies furnished the seller under the code, set out in Sections 672.701-672.710, Florida Statutes, do not provide the seller with the right of setoff for use or depreciation where there is a justifiable revocation of acceptance. Despite the code's failure to provide specifically for setoff, the code does state in UCC 1-103 (Section 671.103, Florida Statutes) that unless displaced by particular provisions of the code, principles of law and equity shall supplement the code's provisions. That the common law remedy of setoff is still available to a seller under the code is the position taken by the following commentators:
Perhaps because they did not contemplate long use followed by rejection or revocation, the drafters included no provision in Article 2 to deal with the seller's right to an offset for the buyer's use of the goods before such rejection or revocation. The cases cited in this chapter disclose a variety of situations in which buyers had possession of goods for months and even years before successfully revoking or rejecting. In many of those cases the buyer used the goods in the interim and so received an undisputed benefit. In such cases we believe the buyer should be made to pay the seller the value of the use; in fact the "payment" is likely to come in the form of a setoff by the seller against the buyer when the buyer sues for return of the purchase price. Of course that result can be reached only by the reference to the common law, probably the law of restitution, incorporated in the Code under 1-103.
J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 8-3 at 317 (2d ed. 1980). See also, Phillips, Revocation of Acceptance and the Consumer Buyer, 75 Com.L.J. 354 (1970); Note, 27 Rutgers L.Rev. 763 (1974).
Cases from other jurisdictions support White and Summers' views. In Pavesi v. Ford Motor Company, 155 N.J. Super. 373, 382 A.2d 954 (1978), a new car had been repainted three times in 17 months by the dealer, yet was not in acceptable condition. The court observed that the UCC is silent as to the seller's right to setoff and therefore found that general equitable principles apply, citing Orange Motors of Coral Gables, Inc. v. Dade County Dairies, Inc., 258 So.2d 319 (Fla. 3d DCA 1972). Orange Motors of course permitted a setoff to an automobile dealer when the buyer sought rescission under the UCC (Section 672.608, Florida Statutes), but unlike the Pavesi decision, Orange Motors did not address the question of whether setoff was an available remedy to a seller under the code. Other cases have recognized that an offset for the buyer's use of the goods is legally permissible in situations in which there is either evidence or an inference as to the reasonable value of such use. See Gawlick v. American Builder's Supply, Inc., 86 N.M. 77, 519 P.2d 313 (N.M.Ct.App. 1974), and Moore v. Howard  American, Inc., 492 S.W.2d 227 (Ct. App.Tenn. 1972).
*401 Under the circumstances, I agree that remand is appropriate for the purpose of permitting Bush to amend its answer by raising the affirmative defense of setoff. The burden then would be upon Bush to establish evidence as to the reasonable value of Kuntz's use of the automobile.