703 P.2d 169

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellee,**

**v.**

**Robert ANAYA and Ester Anaya, His wife, Defendants-Counterclaimants-Appellants,**

**v.**

**GENERAL MOTORS CORPORATION, et al., Counterclaim Defendants-Appellees.**

**No. 15059.**

Supreme Court of New Mexico.

July 11, 1985.

Rehearing Denied Aug. 2, 1985.

Jerrald Roehl, Ronald W. Henkel, Jerrald Roehl and Associates, Albuquerque, for GMAC.

Ron Morgan, Joan Marie Hart, Albuquerque, for Anayas.

Russell D. Mann, Atwood, Malone, Mann & Turner, Roswell, for GMC.

## OPINION

WALTERS, Justice.

General Motors Acceptance Corporation (GMAC) brought a replevin action, under a financing contract assigned to GMAC by Ken Schultz Buick/(Schultz) GMC, Inc., for return of an automobile purchased by Robert and Ester Anaya (the Anayas). The Anayas counterclaimed against GMAC, Schultz, and the manufacturer, General Motors Corporation (GMC), alleging contract, tort, and statutory violations arising from defects in the automobile and a subsequent failure to correct those defects pursuant to warranty obligations. Various third-party complaints are no part of this appeal. The jury awarded the Anayas approximately $40,000 in compensatory damages under various theories, and $675,000 in punitive damages. The trial court, granting motions for judgment notwithstanding the verdict, reduced the compensatory damages to approximately $35,000 and eliminated punitive damages altogether. The Anayas appeal, GMC cross-appeals and GMAC submits a conditional request for a review of error. We affirm.

After the Anayas purchased an automobile from Schultz, the financing contract was assigned to GMAC. When the Anayas later defaulted on payment, GMAC sought replevin. The Anayas counterclaimed against GMAC and Schultz under a revocation of acceptance theory; against GMC and Schultz for breach of express warranty; against GMC and GMAC for willful breach of contract; against Schultz for fraud or material misrepresentation of fact; and against GMC and Schultz for violations of the Motor Vehicle Dealer's Franchising (MVDF) Act. NMSA 1978, §§ 57–16–1 to 57–16–16 (Orig.Pamp. and Cum.Supp.1983). Through special interrogatories, the jury awarded various damages to the Anayas on the various claims.

Following motions for j.n.o.v. by GMC, GMAC, and Schultz, the trial court (1) eliminated the entire award for breach of warranty, ruling that this remedy was inconsistent with that of revocation of acceptance; (2) eliminated the willful breach of contract award on the same basis of inconsistency, as well as finding insufficient evidence to support the award; and (3) eliminated the incidental and consequential dam-

ages awarded under the MVDF Act as being duplicative of awards made under other theories.

Asserting a constitutional right to jury trial and to its verdict, the Anayas seek to have the entire jury verdict reinstated. On cross-appeal, GMC contends that, the Anayas, as retail buyers, do not have standing to sue GMC, a manufacturer, under the MVDF Act. Schultz settled all claims and counterclaims after the appeal was filed; we do not discuss the portions of the trial court's modification of the verdicts or the appellate arguments which relate to Schultz.

## I. Breach of Warranty

■ The Anayas contend that the trial court erred in granting j.n.o.v. on the breach of express warranty claim because the claim is not inconsistent with revocation of acceptance and recovery on both claims does not amount to double recovery. We agree with the trial court. In the review of a jury verdict, for j.n.o.v. purposes, all questions of law lie within the province of the court, "including the legal sufficiency of any asserted claim or defense. If the evidence fails to present or support an issue essential to the legal sufficiency of an asserted claim, the right to jury trial disappears." *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 376, 533 P.2d 1203, 1204 (1975) (citations omitted). *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966).

■ Although the trial court mistakenly associated the different consequences attaching to the distinct claims of revocation of acceptance and breach of warranty, on the one hand, with the concept of election of remedies, on the other, the court correctly determined that recovery on one claim renders the other claim inconsistent. Once the jury found that the Anayas had successfully proven all elements essential to establish rightful revocation of acceptance as delineated in the jury instructions and special interrogatories, the trial court properly deemed the breach of warranty theory to be extinguished. *See Arbuckle Broad-*

*casters, Inc. v. Systems Marketing Corp.,* 642 F.2d 402 (10th Cir.1981).

■ The Anayas correctly argue that under the current version of the Uniform Commercial Code, NMSA 1978, §§ 55–2–101 to –725 (Sales), "the buyer is no longer required to elect between revocation of acceptance and recovery of damages for breach." NMSA 1978, § 55–2–608, comment 1. However, the nonalternative nature of the remedies does not entitle the buyer to inconsistent or double recoveries. *See, e.g., Seekings v. Jimmy GMC of Tucson, Inc.,* 130 Ariz. 596, 638 P.2d 210 (1981) (buyer who returned vehicle and recovered payments made could not also receive damages for breach of warranty). The theories are "two distinct strands of buyer's remedies under the Code." *Ford Motor Credit Co. v. Harper,* 671 F.2d 1117, 1121 (8th Cir.1982). Although a buyer may pursue either or both, they are "separate remedies treated in entirely different sections of the Code and they offer separate forms of relief." *Id.* at 1122.

■ In *Gawlick v. American Builders Supply, Inc.,* 86 N.M. 77, 519 P.2d 313 (Ct.App.1974), the Court of Appeals determined that in light of the uncontested finding of revocation, the plaintiff's attempt to measure damages under the Code section then in force, which set forth damages for breach of warranty based on acceptance, was misguided. The court held that the applicable sections were those pertaining to revocation of acceptance. *Id.* at 78, 519 P.2d at 314. Thus, although initially a buyer may present both theories and need not elect between them, the finding of either final acceptance or revocation of acceptance of nonconforming goods ultimately determines the available remedy. *See Prince v. LeVan,* 486 P.2d 959 (Alaska 1971); *Seekings v. Jimmy GMC of Tuscon, Inc.; Performance Motors, Inc. v. Allen,* 280 N.C. 385, 186 S.E.2d 161 (1972). *Compare* § 55–2–711, comment 1 (remedies under this section "are those available to a buyer who has not accepted the goods or who has justifiably revoked his acceptance"

whereas those remedies available when goods are "finally accepted appear in the section dealing with breach in regard to accepted goods"), with § 55–2–714, comment 1 ("remedies available to the buyer after the goods have been accepted and the time for revocation of acceptance has gone by"). *See Rutherford v. Darwin,* 95 N.M. 340, 622 P.2d 245 (Ct.App.1980) (even though not binding on the court, official comment is persuasive of Code section meaning).

Neither the instructions nor the interrogatories indicated to the jury that recovery on one theory precluded recovery based on the other. Nevertheless, the court correctly determined that the verdict awarding relief for both revocation of acceptance and breach of warranty was inconsistent. The instructions outlined the circumstances under which revocation of acceptance may be justified, and advised that· damages for breach of warranty are applicable when a buyer has *accepted* the goods. We must assume that the jury evaluated each theory separately, and assessed damages in accordance with the instructions.

The Anayas urge that there is no evidence that the jury duplicated the damage award and that the jury could have apportioned the actual damages between the revocation of acceptance, breach of warranty, and statutory violation theories. This argument overlooks that the instructions and interrogatories detailed practically identical elements of damages for each theory; the descriptions of incidental and consequential damages emphasized that the same items of injury were to be considered under each theory. Indeed, the Anayas acknowledge that essentially the same damages are available under theories of revocation of acceptance and breach of warranty. Even though the awards reached under each claim were different, there is no clue from the interrogatories that the damage assessment was not duplicative in certain respects or that the amounts entered may only be interpreted as disclosing that the jury intended to "spread" the total damage amount among the various theories.

■ There was substantial and persuasive evidence to support the jury's finding of liability under the Anayas' claim of revocation of acceptance. Consequently, the additional finding of liability under breach of warranty by the jury is inconsistent as a matter of law, and j.n.o.v. on damages for breach of warranty was correct. *See Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). *Cf. Greenwood Ranches, Inc. v. Skie Construction Co.,* 629 F.2d 518 (8th Cir.1980) (remanding solely on issue of total damages after jury originally returned separate compensatory damage awards under each of several alternate legal theories all of which sought relief for same loss, holding plaintiff entitled only to one award when liability found under any or all theories and issues of liability and damages not so intermingled as to require a re-determination of both).

## II. Willful Breach of Contract

■ The Anayas ask us to reinstate the jury verdict awarding damages for willful breach of contract against GMAC and GMC, as supported by substantial evidence. We agree that the trial court properly entered j.n.o.v. with respect to GMAC. Even if GMAC had a duty to independently investigate the claims and defenses raised by the Anayas (a dubious proposition in light of NMSA 1978, § 55–9–503 and the terms of the Installment Sales Contract between the parties), the mere fact that GMAC exercised its rights and instituted a replevin action before undertaking such investigation does not constitute evidence of willful breach. Nothing was presented to show that GMAC in any way prevented or hindered the Anayas from asserting their claims and défenses. In sum, there is no support for a finding of willful breach or for assessment of punitive damages against GMAC.

■ Since we have determined that recovery under the theory of revocation of acceptance automatically renders inconsistent recovery under a claim for breach of warranty, recovery for *willful* breach of

contract against GMC is similarly inconsistent. We do not dispute that the Code imposes an obligation of good faith in commercial dealings, *Celebrity, Inc. v. Kemper*, 96 N.M. 508, 509, 632 P.2d 743, 744 (1981) (citing § 55–1–102), and that the good faith of a party is generally a question of fact. *McKay v. Farmers and Stockmens Bank of Clayton*, 92 N.M. 181, 585 P.2d 325 (Ct.App.), *cert. quashed*, 92 N.M. 79, 582 P.2d 1292 (1978). We fail to see, however, and the Anayas have not convinced us, that a claim for willful breach of contract can exist when the underlying breach of warranty claim has been precluded. Thus it is not necessary for us to review what the Anayas claim to be evidence of bad faith and malicious conduct of appellees. The trial court correctly entered j.n.o.v. on grounds of inconsistency.

## III. MVDF Act—Standing

On cross-appeal, GMC claims that the trial court should have granted its motion for j.n.o.v. on the MVDF Act claim because a retail buyer has no standing to sue a manufacturer for breach of warranty under the Act. We are directed to the provisions of the Act allowing direct claims and remedies for retail buyers against motor vehicle dealers and for dealers against manufacturers, but the Act does not specify such rights to buyers against manufacturers. *See* §§ 57–16–4 through –7. According to GMC, this lack of express remedy, combined with the existence of a buyer breach of warranty remedy under Section 55–2–714 of the Uniform Commercial Code, indicates a clear legislative intent not to create a consumer cause of action against a manufacturer.

■ The plain language of a statute is the primary indicator of legislative intent. *Arnold v. State*, 94 N.M. 381, 610 P.2d 1210 (1980). Although this court will not read into a statute language which is not there, we do read the act in its entirety and construe each part in connection with every other part in order to produce a harmonious whole. *Westgate Families v. County Clerk of Los Alamos*, 100 N.M. 146, 148,

667 P.2d 453, 455 (1983). We agree with the Anayas that the Act's declaration of policy is strong and specific in listing the promotion of compliance with manufacturer's warranties as a priority. § 57–16–1. Although it does not specifically describe a course of action for an aggrieved buyer against the manufacturer, the Act clearly outlines the obligations of a manufacturer to be truthful in advertising (which usually includes some mention of a warranty) and to properly fulfill any warranty agreement. §§ 57–16–5(G) and –7. Under Section 57–16–13, "*any person* who shall be injured in his business *or property* by reason of anything forbidden in this act * * * may sue therefor in the district court." (Emphasis added.)

■ Thus, the statutory language, the explicit legislative object of ensuring "a sound system" of motor vehicle sale and distribution within the state, and the intent to provide a remedy for warranty abuse, implies a retail buyer's cause of action against a manufacturer for such abuse. *See Gutierrez v. City of Albuquerque*, 96 N.M. 398, 631 P.2d 304 (1981); *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977). *See also Albuquerque Hilton Inn v. Haley*, 90 N.M. 510, 565 P.2d 1027 (1977) (dicta that remedial legislation should be liberally construed so as to suppress the mischief and advance the remedy). We hold, therefore, that Anayas had standing to invoke the protection of the Act.

Because GMAC indicated that it would accept the judgment of the trial court if upheld on appeal, we do not address its request for review of error.

The judgment, as reduced by the trial court to prevent double recovery of incidental and consequential damages and to eliminate punitive damages, is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, J., concur.