## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Bonita M. Love

v.

Kenneth Hammersley
Motors, Inc.

### Case No. CL 99021575

By Judge J. Michael Gamble

October 30, 2000

I am writing this letter to render the decision of the Court in the above case. In this regard, I grant to the plaintiff revocation of acceptance pursuant to § 8.2-608 of the Code of Virginia because the Lexus purchased by Ms. Love from Hammersley breached the implied warranty of merchantability and its nonconformity substantially impaired the value of the vehicle to Ms. Love. Additionally, I grant judgment against Hammersley in favor of Ms. Love in the amount of $8,780.61, and I award to Ms. Love attorney's fees in the amount of $3,000.00 and court costs in the amount of $124.00. I have briefly set forth the reasons for these rulings below.

### *Revocation of Acceptance*

Ms. Love has chronicled problems with the Lexus beginning almost immediately after she purchased the vehicle. The problems with the vehicle losing power, using oil, and emitting large quantities of smoke from the exhaust began within a month after she purchased the car. In less than one year, the Lexus automobile was taken to Hammersley seven times for repair and stayed in the repair facility for 113 days.

At the time that this vehicle began having problems, it was covered by a limited warranty of the power-train for the first three months or 3,000 miles.

The greater weight of the evidence establishes that the vehicle was subject to power-train problems. Additionally, Ms. Love purchased an extended service contract for the sum of $1,191.30. While I have some question as to whether the extended service agreement covers the problems of which Ms. Love claims (see section H of what is not covered under the contract for "Premier Care"), the three month/3,000 mile warranty clearly activates the provisions of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.* Section 2304 of this act activates Magnuson-Moss by virtue of the three month/3,000 mile warranty. Additionally, 15 U.S.C. § 2308 makes the implied warranty of merchantability under § 8.2-314 of the Code of Virginia applicable to the Lexus brought by Ms. Love because Hammersley (1) made a written warranty to Ms. Love at the time of purchase and (2) entered into a service contract with her.

In order for the Court to grant a revocation of acceptance under § 8.2-608 of the Code of Virginia, there must be a substantial impairment of the vehicle to Ms. Love. In order to constitute a substantial impairment to the buyer, Ms. Love, the evidence must show (1) that the vehicle failed to conform to the terms in the contract of sale and (2) the nonconformity substantially impaired the value of the vehicle to the buyer. These facts must be shown by "objective evidence." *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 160, 313 S.E.2d 384 (1984).

I find that, in the instant case, there is objective evidence which shows that the vehicle failed to conform to the terms of the contact of sale and that the nonconformity impairs the value of the vehicle. Clearly, the excessive use of oil, continuous smoke from the exhaust of a vehicle, and loss of power all constitute a breach of implied warranty that substantially impairs the value of the goods. The evidence shows by a preponderance of the evidence that a Lexus of this vintage and mileage should not be experiencing these types of mechanical problems. The continued efforts of Hammersley to fix these problems are further indicative of the failure of this vehicle to operate mechanically within normal expectations. Excessive use of oil, billowing smoke, and loss of power are obvious problems which would constitute an objective impairment of the value of the vehicle.

Accordingly, Ms. Love is directed to return the vehicle to Hammersley and execute all documents necessary to transfer title to Hammersley. Hammersley is directed to assume and pay off the indebtedness on the vehicle.

### Damages

As noted above, judgment was granted to Ms. Love in the amount of $8,790.61. I will set forth the calculations below.

First, Ms. Love paid down at the time of the purchase of the vehicle the sum of $9,410.75. In order to grant to her a full revocation of acceptance, she must be compensated for this down payment.

In addition, she is entitled to incidental and consequential damages under § 8.2-715 of the Code of Virginia. Hammersley asserts that incidental and consequential damages cannot be recovered because the contract of purchase provided that Ms. Love was not entitled to recover for any consequential or incidental damages. However, the three month/3,000 mile warranty and the extended service contract activated the provisions of the Magnuson-Moss Act. Section 2304 of Magnuson-Moss (15 U.S.C. § 2304) does not allow a warrantor, Hammersley, to exclude or limit incidental and consequential damages unless such exclusion or limitation appears on the face of the warranty. The three month/3,000 mile warranty granted by Hammersley does not limit or exclude incidental or consequential damages. Accordingly, they are recoverable. Thus, I am granting to Ms. Love incidental and consequential damages for the cost of the service contract in the amount of $1,191.30, insurance since May of 1999 in the amount of $821.25, personal property tax expense since May of 1999 in the amount of $185.67, interest paid to First Virginia Bank since May 1999 in the amount of $921,95, and costs of the credit life in the amount of $474.69. Combined with the down payment of Ms. Love, this is a total of $13,005.61.

I am not granting to Ms. Love compensation for the rental vehicle expense since May 22, 1999. This is not a foreseeable expense. Any incidental or consequential damage must be reasonably foreseeable. *Dupont Co. v. Universal Moulded Prod.*, 191 Va. 525, 573, 62 S.E.2d 233 (1950). It would have been necessary for Ms. Love to have a vehicle anyway since May 1999. Thus, the cost of another vehicle would have been an expense she would have ordinarily incurred.

Hammersley is entitled to a credit against the amount of damages for the loss in value due to the use by Ms. Love. Ms. Love has testified that she drove the car to and from work each day. She lives in Gretna and drives to Lynchburg. This is a substantial distance. The vehicle was driven over 10,000 miles during the time that Ms. Love had possession of the vehicle. This is a substantial benefit to her and created a substantial reduction in value of the vehicle.

At the trial on September 6, 2000, evidence was presented that the value of the car on that date was $14,475.00. The initial purchase price was $18,700.00. Thus, the vehicle suffered a reduction in value of $4,225.00 by virtue of the use. This is a corresponding benefit to Ms. Love. Under equitable principles, a credit should be allowed in favor of Hammersley for the loss in value due to the use by Ms. Love. *Tom Bush Volkswagen, Inc. v. Kuntz*, 429

So. 2d 398, 399 (Fla. App. 1 Dist. 1983). Accordingly, the $13,005.61 is reduced by the sum of $4,225.00 for a judgment in the amount of $8,780.61.

### Attorney's Fees

Attorney's fees are allowed under the Magnuson-Moss Act. 15 U.S.C. § 2310(d)(2). I am awarding attorney's fees in the amount of $3,000.00 to counsel for Ms. Love. $6,104.54 was sought after the original trial. However, I am reducing this to $3,000.00 because the case was initially filed on the law side of the court when it should have been filed in equity. This created a substantial expenditure of time on motions and, in fact, on a jury trial. A law action was clearly inappropriate where the equitable remedy of revocation of acceptance was sought.

This case should have initially been filed as a chancery action and tried before the court or as an issue out of chancery before a jury. The plaintiff should not be allowed to benefit from her failure to properly file the case. Thus, I am reducing the attorney's fees to $3,000.00.

The plaintiff is also awarded $124.00 for her filing fee and subpoena costs.

### November 6, 2000

The plaintiff requests that I consider awarding to Ms. Love the amount by which the principal portion of the loan has been paid down during the period that she has made the 26 payments (26 months) on the car. It is my understanding that the original principal of the debt was $11,543.41 and the remaining loan amount is approximately $4,825.69. This means, of course, that she has made payments on the principal in the approximate amount of $6,717.72 during the time that she has had the car.

In this regard, I considered this at the time that I made the decision in the case. I decided not to award to her the principal payments because she would have been making these payments had she owned any vehicle during this period of time. To grant to her these payments would be to grant to her a windfall during the period of time that she had possession of the car and used the car for over 10,000 miles. Likewise, it would penalize the defendant because it did not have the possession of the car during this period of time. Accordingly, I do not grant to her the principal amounts that she has paid during the ownership of the car.

Note, however, that I have awarded to her as a special damage the interest portion of her payments.